EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
KEVIN VIENNA
Supervising Deputy Attorney General
ALANA COHEN BUTLER, State Bar No. 200079
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2534
Fax: (619) 645-2271
Email: Alana.Butler@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANKL. RODRIGUEZ,**<br><br>Petitioner,<br><br>v.<br><br>**JAMES TILTON, Secretary, et al.,**<br><br>Respondent. | 08 CV 0205 IEG (PCL)<br><br>**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Judge: Hon. Peter C. Lewis |

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
KEVIN VIENNA
Supervising Deputy Attorney General
ALANA COHEN BUTLER, State Bar No. 200079
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2534
Fax: (619) 645-2271
Email: Alana.Butler@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANK L. RODRIGUEZ,**<br>Petitioner,<br>**v.**<br>**JAMES TILTON, Secretary, et al.,**<br>Respondent. | 08 CV 0205 IEG (PCL)<br>**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**<br>Judge: Hon. Peter C. Lewis |

COMES NOW RESPONDENT, James Tilton, Secretary, California Department of Corrections and Rehabilitation, by and through his counsel Edmund G. Brown Jr., Attorney General of the State of California, and Alana Cohen Butler, Deputy Attorney General, and makes this Answer to the Petition for Writ of Habeas Corpus. Respondent denies the allegations contained in the Petition and affirmatively alleges as follows:

**I.**

Petitioner is currently serving three life terms in state prison with the possibility of parole plus 60 years after a jury found him guilty of three counts of attempted murder on a peace officer, three counts of assault on a peace officer, and one count of evading arrest.

**II.**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, apply to Petitioner's claims. Under this section, this Court is precluded from reviewing Petitioner's claims de novo, and from granting any habeas relief, since the state court's decision on the merits was consistent with, and was not an unreasonable application of, federal law as enunciated by the United States Supreme Court. All factual determinations made by the state courts are reasonable in light of the evidence presented in the state proceeding. The presumption of correctness applies to the state court's factual findings unless rebutted by clear and convincing evidence.

**III.**

In Ground One, Petitioner claims that he was denied of his right to a fair trial after the trial court dismissed a juror prior to opening arguments. This argument was rejected by the California Court of Appeal in a reasoned decision. Because that opinion was not contrary to, or an unreasonable application of, United States Supreme Court precedent, or an unreasonable determination of facts, this Court must defer to that decision and reject Petitioner's claim.

**IV.**

In Ground Two, Petitioner asserts that insufficient evidence supported the convictions for attempted murder on a police officer. This argument was rejected by the California Court of Appeal in a reasoned decision. Because that opinion was not contrary to, or an unreasonable application of, United States Supreme Court precedent, or an unreasonable determination of facts, this Court must defer to that decision and reject Petitioner's claim.

**V.**

In Ground Three, Petitioner argues that the a portion of the criminalist's testimony should not have been admitted and should not be used in deciding whether sufficient evidence supported the conviction. In making this claim, Petitioner fails to state a federal question. To the extent a federal claim is cognizable, any error was harmless in the admission of the portion of the criminalist's testimony.

/ / /

/ / /

VI.

In Ground Four, Petitioner claims that his sentence violates the Eighth Amendment ban on cruel and usual punishment. The state courts found that this claim was procedurally barred because Petitioner could have made this claim on direct appeal. Moreover, the state court reasonably found that Petitioner did not make a prima facie showing that his sentence was cruel and unusual. Because that opinion was not contrary to, or an unreasonable application of, United States Supreme Court precedent, or an unreasonable determination of facts, this Court must defer to that decision and reject Petitioner's claim.

VII.

In Ground Five, Petitioner alleges that his trial and punishment violate ex post facto principles. Petitioner's claim is vague and conclusory and should be summarily denied as such. Furthermore, the state court's finding that Petitioner did not plead this issue with sufficient particularity is a merits decision which was not contrary to, or an unreasonable application of, Supreme Court precedent, or an unreasonable determination of fact.

VIII.

In Ground Six, Petitioner contends that the prosecution engaged in misconduct and selective prosecution. The state court found that this claim was procedurally barred because it could have been raised on direct appeal. Furthermore, the state court's finding that Petitioner did not plead this issue with sufficient particularity is a merits decision which was not contrary to, or an unreasonable application of, Supreme Court precedent, or an unreasonable determination of fact.

IX.

Petitioner is not entitled to an evidentiary hearing to resolve his claims since his failure to develop the factual predicate for his claims cannot be excused because Petitioner cannot show: (1) his claims are predicated on a new rule of law with retroactive application; or (2) the factual predicate of his claims could not have been discovered earlier with due diligence; and (3) by clear and convincing evidence no reasonable factfinder would have found Petitioner not guilty, but for the claimed error. 28 U.S.C. § 2254(e)(2).

# X.

The Memorandum of Points and Authorities filed in support of the instant Answer to the Petition for Writ of Habeas Corpus is incorporated herein by reference. Except as expressly admitted in this Answer, or in the Points and Authorities filed in support of this Answer, Respondent denies each and every allegation contained in the Petition.

WHEREFORE, Respondent respectfully requests that the Petition be denied, no evidentiary hearing be held, and no certificate of appealability be issued.

Dated: June 9, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

KEVIN VIENNA
Supervising Deputy Attorney General

s/Alana Cohen Butler

ALANA COHEN BUTLER
Deputy Attorney General

Attorneys for Respondent

ACB:adc
80246321.wpd

**CERTIFICATE OF SERVICE BY U.S. MAIL**

Case Name: **Rodriguez v. Tilton**
No.: **08 CV 0205 IEG (PCL)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 9, 2008, I served the following documents:

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

## Electronic Mail Notice List

I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case:

n/a

## Manual Notice List

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

Frank L. Rodriguez
CDC# V-63358
High Desert State Prison
Facility A
P.O. Box 3030
Susanville, CA 96127
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 9, 2008, at San Diego, California.

| A. Curiel | [signature] |
|---|---|
| Declarant | Signature |

SD2008800899
80247383.wpd